838 F.2d 465
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In the Matter of Michael BRANHAM, Petitioner.
 No. 86-9506.
 United States Court of Appeals, Fourth Circuit.
 March 20, 1987.
 
 Michael Branham, petitioner.
 Rhetta Daniel, Virginia State Bar, Assistant Bar Counsel, for respondent.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 WIDENER, Circuit Judge:
 
 
 1
 We have before us the question of whether or not to impose discipline against Michael Branham identical to that previously imposed by the Virginia State Bar Disciplinary Board. Following a hearing on the matter, and after consideration of all the various papers filed with this court by the parties, we impose the identical discipline of disbarment.
 
 
 2
 Prior to 1981, Michael Branham was licensed to practice law in the Commonwealth of Virginia and the District of Columbia.[1] On October 30, 1981, the Circuit Court of Arlington County, Virginia suspended Branham's license to practice law in Virginia for three years, beginning November 15, 1981. On August 31, 1982, the District of Columbia Court of Appeals, upon being notified of the Virginia suspension, reciprocally suspended Branham's license for three years.
 
 
 3
 On May 5, 1983, Branham was found guilty of a class one misdemeanor by the Circuit Court of Arlington County, Virginia for practicing law without being duly authorized or licensed in violation of Va.Code Ann. Sec. 54-44. That incident was on account of the following set of facts. On April 23, 1982, while his law license was suspended in Virginia, Branham wrote to Nationwide Insurance Company on behalf of a client, one James Purdum, seeking to settle a personal injury case arising from an automobile accident that occurred in Virginia. The letterhead bore Branham's Arlington, Virginia address but did not state that he was an attorney. Other correspondence with Nationwide, however, indicated that Branham was an attorney. Attached to the letter was a copy of a motion for judgment[2] Branham had drafted. The letter indicated to Nationwide that Branham planned to file the motion for judgment unless the case was soon settled. That draft pleading indicated that it was to be filed in the Circuit Court of Fairfax County, Virginia. Branham was listed on the motion for judgment as counsel for plaintiff. The motion for judgment was never filed, however, because the case was settled. Nationwide sent the settlement check to Branham, who turned the money over to his client after withholding his agreed upon fee.
 
 
 4
 Based upon these facts, Branham was found guilty of practicing law in Virginia without being duly authorized or licensed, and sentenced to 9 months of confinement, 8 months suspended conditioned upon Branham's good behavior for three years. Branham appealed the conviction to the Virginia Supreme Court. That court found no reversible error and therefore refused the petition for appeal on January 26, 1984.
 
 
 5
 On November 15, 1985, the Virginia State Bar Disciplinary Board revoked Michael Branham's law license. The Board concluded that Branham's continued representation of Mr. Purdum following his license suspension, including his correspondence with the insurance company and threatening to file a lawsuit in Virginia on behalf of his client, violated Disciplinary Rules 1-102(A)(5) and 3-101(B) of the Virginia Code of Professional Responsibility.[3] Branham did not appeal this revocation to the Virginia Supreme Court, and the Virginia State Bar filed a copy of its order with this court January 13, 1986.
 
 
 6
 This court's Internal Operating Procedure 46.6a(2) provides that:
 
 
 7
 a. A member of the bar of this Court may be disciplined by this Court as a result of
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (2) imposition of discipline by any other court of whose bar the attorney is a member, or an attorney's disbarment by consent or resignation from the bar of such court while an investigation into allegations of misconduct is pending.
 
 
 11
 Internal Operating Procedure 46.6b provides in part that "the identical discipline imposed by another court is presumed appropriate for discipline taken as a result of that other court's action pursuant to paragraph a(2)."[4]
 
 
 12
 Fed.R. of App.Proc. 46 provides the basis for the above quoted internal rules. Section (b) of that rule provides:
 
 
 13
 When it is shown to the court that any member of its bar has been suspended or disbarred from practice in any other court of record, ... the member will be subject to suspension or disbarment by the court. The member shall be afforded an opportunity to show good cause, ... why the member should not be suspended or disbarred....
 
 
 14
 Mr. Branham contends that the Virginia Supreme Court committed error under state law in affirming his misdemeanor conviction. He relies upon Horne v. Bridwell, 193 Va. 381 (1952), for his assertion that the Virginia Supreme Court incorrectly applied Virginia law. Since that misdemeanor conviction served as the basis for his disbarment, Branham asks this court to deny the motion of the Virginia State Bar for reciprocal discipline.
 
 
 15
 While a state disbarment decision is entitled to respect by this court, it is not conclusively binding upon us. In re Ruffalo, 390 U.S. 544, 547 (1968). This does not mean, however, that we will lightly second guess the Virginia Supreme Court in applying Virginia state law to Branham's misdemeanor conviction. The question before us is the propriety of disbarment because of the misdemeanor conviction. We have considered the arguments presented by Branham, including Horne v. Bridwell, but we cannot find good cause to go behind the misdemeanor conviction or why we should not follow the State's discipline. Fed.R. of App.Proc. 46b.
 
 
 16
 Accordingly, we revoke Branham's license to practice law before this court.[5]
 
 
 
 [1]
 There is some evidence in the record that Branham was not licensed to practice law in the District of Columbia after 1977 for failure to pay dues. The District of Columbia Court of Appeals took affirmative action to reciprocally suspend Branham's law license, effective October 1, 1982, following the suspension in Virginia
 
 
 [2]
 A motion for judgment in Virginia is the same as a complaint in a federal court. Va.Sup.Ct.R. 3:3(a)
 
 
 [3]
 Those Disciplinary Rules provide:
 DR 1-102 Misconduct.
 (A) A lawyer shall not:
 (5) Engage in conduct that is prejudicial to the administration of justice.
 DR 3-101 Aiding Unauthorized Practice of Law.
 (B) A lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction.
 
 
 [4]
 So far as applicable to this case, we do not think there is any distinction between a license revocation by the Virginia State Bar and a Virginia court
 
 
 [5]
 If the discipline of license revocation may seem unduly harsh in light of the facts of this case, we are advised by counsel for the Virginia State Bar that Branham may seek reinstatement of his Virginia license at any time